### Mary Catron v. William Scripps.

1. VERDICTS—*Upon Conflicting Evidence.*—A verdict upon conflicting evidence, with testimony sufficient, when standing alone, to support it, will not be set aside.

Assumpsit, on the common counts. Appeal from the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

WORLEY & KEEFER, attorneys for appellant.

J. S. WINTER, attorney for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was an action of assumpsit—declaration, the common counts—by appellee against appellant, and the trial by jury ended by the court directing a verdict against appellant for $300, upon which a judgment was rendered, and this appeal is brought to reverse the same.

Appellant leased to appellee a quantity of land to be mined by the latter for coal. Appellee loaned or advanced to appellant $300, which it was the understanding should be applied toward the payment of the royalty for coal under the terms of the lease, from time to time, as the same might mature.

Soon after the lease was signed and delivered, and while appellee was prospecting for coal upon the leased land, appellant notified him in writing that because two mortgagees, having a mortgage upon the land, objected to having the land mined unless the royalty was paid upon their interests, who, as she said, it had been misrepresented to her, had consented to the lease, and had not, she revoked the lease, and desired appellant to desist from further mining her land, and $300 paid to her was subject to the order of appellee, and would be paid to him on surrender of the lease at the bank of Ipava. Appellee accepted the cancellation of the lease and surrendered it to the bank as requested, but the money was not paid to him, this suit being for the recovery thereof. Thereafter there were negotiations between the parties about a new lease, and it is contended by appellant the terms of such were agreed upon, and as part of such terms she was to retain the $300 previously paid to her, but this was disputed by appellee. The court held no such agreement had been proved and directed a verdict accordingly.

Had the court submitted the case to the jury upon the evidence, and if then the jury had returned a verdict in favor of appellant, the court, upon the motion of appellee for a new trial, would have been required to grant such motion, because such verdict could not be sustained by the evidence. There is no question the lease was surrendered by appellee as appellant had requested, in accordance with her promise to leave the $300 at the bank for him, which she failed to do. The burden was then upon her to prove that by some subsequent arrangement she was entitled to retain the money, and this, by a most liberal analysis of her own testimony, she failed to prove. The terms of another

lease, it is true, were talked about and considered by the parties, but the evidence fails to show that it was agreed upon. There is no claim that such a lease was ever executed and delivered, and it is unreasonable to suppose that any ordinary man of business would undertake to mine upon others' lands without the written authority of the owner. In truth an oral lease, such as is contended for by appellant, would be plainly invalid, and incapable of legal enforcement, in view of the provisions of the statute of frauds.

The decision of the trial court was right, and its judgment will be affirmed.